Mr. Justice ThacheR
delivered the opinion of the court.
This is an action of slander, in which the jury found for Rob-ison, the plaintiff below, one thousand dollars damages.
The competency of certain grand jurors to testify to the uttering of the supposed slanderous words before them, while officiating as grand jurors, was objected to upon the trial.
In this state, no oath of secrecy is required from grand jurors, as to what transpires among them in the discharge of their office. The question then is whether, by the policy of the law, communications to them, &c. are to be deemed privileged.
It would certainly be a great breach of duty for a grand juror, while the inquest was in session, to disclose the business of that body, by means whereof persons accused and not yet arrested, *711 might make their escape, or take other measures to defeat the course of public justice. Indeed, in a certain state of case, a grand juror might thereby render himself liable to a criminal charge as an accessory, after the fact, in the commission of a crime. So, as many charges are confided to that body against individuals, which, for want of sufficient proof, or from want of foundation in fact, do not mature to a presentment or indictment, common prudence and charity, and a regard for the peace of society, and innocent men’s reputations, imperatively should close the mouths of grand jurors, as to their proceedings, after the expiration of their session. It is the interest of all good citizens to observe this rule, in order to secure freedom of deliberation and opinion, which would be to a great extent impaired if the occurrences of a session were afterwards made the subject of comment and loose and malicious conversation. Indeed, thus a grand juror might well subject himself to an action of slander. But the policy of the law was never designed to injure or punish the innocent, or to obstruct the course of justice; nor can that rule be upheld, by which a grand jury room shall be converted into an occasion for the safe and irresponsible utterance of false and malicious slander against upright and honorable citizens. Huidekoper v. Cotton, 3 Watts, 56. Hence it will be seen that so much depends upon time and circumstances, that the competency of a grand juror to testifrr is peculiarly a matter of discretion with the court to discriminate as to it. In the present case we see no valid objection to the competency, since the subject matter of their evidence had been already disclosed, and it was for the good of both plaintiff and defendant that the merits of the affair should be fully exposed.
The principle by which the finding in this instance may be safely tested is laid down by Chief Justice Shaw, of Massachusetts, in Bradley v. Heath, 12 Pick. R. 163. He says, “ Where words, imputing misconduct to another, are spoken by one having a duty to perform, and the words are spoken in good faith, and in the belief that it comes within the discharge of that duty, or where they are spoken in good faith to those who have an interest in the communication, and a right to know and act upon *712 the facts stated, no presumption of malice arises from the speaking of the words, and therefore no action can be maintained in such cases, without proof of express malice. If the occasion is used merely as a means of enabling the party uttering the slander to indulge his malice, and not in good faith to perform a duty or make a communication useful and beneficial to others, the occasion will furnish no excuse.” Bromage v. Prosser, 4 Barn. & Cress. 247; Starkie on Slander, 200.
The defendant below was a justice of the peace of the county, and he stated the charge against the plaintiff, as having repeat■edly come to him as a rumor. This he stated voluntarily to the grand jury. No prosecution ensued for the want of evidence, or other reasons which do not appear.
It is .the duty of every citizen, and more especially of justices of the peace, even without the statutes requiring them so to do, to prosecute, in every legal mode, persons who have within their knowledge been guilty of crimes or misdemeanors. The occasion, therefore, on which the words were spoken furnishes a prima facie excuse for their having been spoken. It fell, then, upon the plaintiff below to show that the occasion was only used as a colorable pretence, and to have established express malice in the defendant. The. only ground for proof of this, was that, on some previous occasion, the plaintiff had exacted specie from the defendant in the payment of a debt. The present record does not disclose enough, in our opinion, to justify the finding of the jury.
The judgment is reversed, and a new trial awarded.